UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| Richard Holman,<br><br>    Plaintiff,<br><br>v.<br><br>J.B. Pritzker, *et al.*<br><br>    Defendants. | 20-1334 |

## **Merit Review Order**

The plaintiff, proceeding *pro se*, and currently incarcerated at Pontiac Correctional Center, was granted leave to proceed *in forma pauperis*. The case is now before the court for a merit review of plaintiff's claims. The court is required by 28 U.S.C. § 1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

In reviewing the complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted).

Plaintiff alleges two claims: (1) that the Supreme Court's holding in *Miller v. Alabama*, 567 U.S. 460 (2012), entitles him to a hearing regarding the validity of the natural life prison sentence imposed in his underlying criminal case; and (2) that underlying medical conditions make him more susceptible to complications if he were to contract Covid-19.

Plaintiff cannot challenge the validity of his underlying criminal sentence in an action for money damages under § 1983; his exclusive relief lies in a habeas corpus proceeding. *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). The Southern District of Illinois previously rejected Plaintiff's habeas corpus petition asserting the same grounds as successive pursuant to 28 U.S.C. § 2244(b)(2). *Holman v. Kennedy*, No. 18-1195 (S.D. Ill. 2018). As stated in the order dismissing that case, Plaintiff must seek leave in the Seventh Circuit Court of Appeals to present the issues he raises here in a habeas corpus proceeding. *Id.*, ECF No. 16. Plaintiff's claim that he is entitled to a hearing related to his criminal sentence is therefore dismissed without prejudice.

Plaintiff alleges in his complaint that his medical history and the circumstances surrounding the Covid-19 pandemic "make his request for a hearing for an opportunity to be released more urgent" without further explanation. (Doc. 1 at 8). He presents additional allegations on this point in his Motion for Preliminary Injunction (Doc. 5), but it appears only as further support for his request for a hearing or immediate release from custody. The Court cannot determine whether Plaintiff intended to assert an Eighth Amendment conditions-of-confinement claim in his complaint, and the allegations in his complaint do not yet support one. The Court will grant Plaintiff leave to file an amended complaint solely on any Eighth Amendment claims he desires to assert.

Plaintiff's Motion for Preliminary Injunction (Doc. 5) is denied. Fed. R. Civ. P. 65 prohibits the Court from issuing injunctive relief absent service of the defendants or a showing as to why service should not be required. Plaintiff's request for a *Miller* hearing is not cognizable under Section 1983, and Plaintiff has not yet stated an

Eighth Amendment claim or shown a likelihood of success on the merits. *Foodcomm Int'l v Barry*, 328 F.3d 300, 303 (7th Cir. 2003).

**It is therefore ordered:**

1. Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint to provide any additional information regarding an Eighth Amendment conditions-of-confinement claim he desires to provide. Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. Accordingly, the amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.

2. Plaintiff's motion for counsel [6] is denied, with leave to renew upon demonstrating that he made attempts to hire his own counsel. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). This typically requires writing to several lawyers and attaching the responses. If Plaintiff renews his motion, he should set forth how far he has gone in school, any jobs he has held inside and outside of prison, any classes he has taken in prison, and any prior litigation experience he has.

3. Plaintiff's Motion for Preliminary Injunction [5] is denied.

Entered this 20th day of October, 2020.

_____
s/ Harold A. Baker
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE